Original

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12 - 2876

-------------------------------------------------------------- x

FVA VENTURES, INC. d/b/a VISALUS
SCIENCES,

                   Plaintiff,

    -against-

BMO HARRIS BANK, N.A. f/k/a HARRIS BANK,
N.A., CYNERGY DATA, LLC, MONERIS
SOLUTIONS, INC., and MONERIS LLC

                   Defendants.

-------------------------------------------------------------- x

     :    Case No. _____

     :

     :    COMPLAINT

     :

     :    **JURY TRIAL**
     :    **DEMANDED**

     :

SPATT J.

LINDSAY M.J.

SUMMONS ISSUED

      FVA Ventures, Inc. d/b/a ViSalus Sciences ("ViSalus"), by and through its

undersigned counsel, Alston & Bird LLP, files this Complaint against Defendants BMO

Harris Bank, N.A. f/k/a Harris Bank, N.A. ("Harris"), Cynergy Data, LLC ("Cynergy"),

Moneris Solutions, Inc., and Moneris LLC (Moneris Solutions, Inc. and Moneris LLC are

referred to, collectively, as the "Moneris Entities") and alleges as follows:

### THE PARTIES

      1.     ViSalus is a corporation organized and existing under the laws of the State

of California with its principal place of business located in Michigan.  ViSalus is a

health- and wellness-focused direct sales company that offers a line of nutritional

supplements, energy drinks, and weight management and fitness solutions.

      2.     Harris is a national bank organized and existing under the banking laws of

the United States with its principal place of business located at 111 W. Monroe Street,

Chicago, Illinois 60603.  For purposes of diversity jurisdiction under 28 U.S.C.

§ 1332, Harris Bank is a citizen of the state of Illinois.

3.      Cynergy is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in New York.

4.      Moneris Solutions, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in Illinois.

5.      Moneris LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Illinois.

## JURISDICTION & VENUE

6.      This Court has original jurisdiction of this proceeding under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute involves citizens of different states.

7.      This Court has personal jurisdiction over Harris because, upon information and belief, Harris does substantial business in New York.

8.      This Court has personal jurisdiction over Cynergy because Cynergy has its principal place of business in New York and does business in New York.

9.      This Court has personal jurisdiction over Moneris Solutions, Inc. because Moneris Solutions, Inc. does business in New York and has registered with the Secretary of the State of New York to do business in New York.

10.     This Court has personal jurisdiction over Moneris LLC because Moneris LLC, upon information and belief, does substantial business in New York.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

2

## FACTUAL ALLEGATIONS

12.     ViSalus is a leading national health and wellness company.  ViSalus offers nutritional supplements, energy drinks, and weight management and fitness solutions.

13.     ViSalus's customers can purchase ViSalus's products online using credit or debit cards.  In order for ViSalus to be able to process such credit and debit card payments, ViSalus contracts with a third-party credit card processing company.

14.     In general, a retailer such as ViSalus contracts with a credit and debit card processing company and a bank, who provide the administrative, record keeping, and banking services necessary to process payments, refunds, and the like for customers.

15.     In this regard, prior to September 28, 2011, ViSalus was party to a processing arrangement pursuant to which Harris, Cynergy, and non-party Pivotal Payments, Inc. ("Pivotal") performed such debit and credit card payment processing services for ViSalus.

16.     On or about September 8, 2011, Harris and Cynergy wrongfully began to withhold from ViSalus the proceeds of ViSalus credit and debit card transactions.

17.     Until that point, to ViSalus's knowledge, Harris and Cynergy had passed through to ViSalus every dollar that ViSalus had earned from sales to its customers.

18.     By September 28, 2011, Harris and Cynergy had wrongfully withheld from ViSalus the sum of $10,030,935.74 (the "Funds") in a Reserve Account, all of which ViSalus owns and all of which ViSalus is entitled to possess immediately.

19.     On September 28, 2011, ViSalus appropriately terminated all prior arrangements pursuant to which Pivotal, Harris and Cynergy previously had been processing debit and credit card payments for ViSalus (the "Termination").

3

20.     Since September 28, 2011, ViSalus has sought from Harris and Cynergy information regarding the Funds.

21.     For many months, ViSalus has been unable to obtain confirmation regarding who is holding the Funds and the Reserve Account or where the Funds and Reserve Account are being held.

22.     Finally, on May 29, 2012, a representative of Harris referred to the Moneris Entities as having some role with respect to the Funds and the Reserve Account.

23.     Upon information and belief, the Moneris Entities are, or may be, in possession, custody and control of the Funds and the Reserve Account.

24.     Harris and Cynergy were and are obligated to hold the Funds and Reserve Account at Harris in trust for, and for the benefit of, ViSalus.

25.     Non-party Pivotal has sued ViSalus and non-party Blyth, Inc. ("Blyth") for claims arising from an alleged breach of contract due to the Termination.

26.     Upon information and belief Harris, Cynergy, and the Moneris Entities have continued to retain the Funds and the Reserve Account at the request of Pivotal.

27.     Upon information and belief, the sole basis upon which Harris, Cynergy, and the Moneris Entities continue to withhold the Funds and the Reserve Account is as purported "security" for Pivotal's purported breach of contract claim against ViSalus and Blyth.

28.     Upon information and belief, Pivotal's purpose in requesting that Harris, Cynergy, and the Moneris Entities retain the Funds and the Reserve Account is to place inappropriate and undue pressure on ViSalus in connection with Pivotal's breach of contract claim against ViSalus.

4

29. Harris's, Cynergy's, and the Moneris Entities' retention of the Funds as "security" for Pivotal's breach of contract claim is unauthorized, improper, and in violation of ViSalus's superior rights of ownership to and immediate right to possession of the Funds and the Reserve Account.

30. ViSalus has demanded that Harris, Cynergy, and the Moneris Entities deliver the Funds and the Reserve Account to ViSalus.

31. Harris, Cynergy, and the Moneris Entities have failed to deliver the Funds and the Reserve Account to ViSalus.

32. ViSalus has further requested details regarding the Funds and the Reserve Account, including the location where the Funds are being held, the name of the account where the Funds are being held, and a current accounting of the Funds, but Harris, Cynergy, and the Moneris Entities have failed to provide the requested information.

## FIRST CAUSE OF ACTION – CONVERSION

33. ViSalus incorporates by reference the allegations contained in Paragraphs 1 through 32 of its Complaint as fully as if said allegations were set forth herein verbatim.

34. ViSalus in the owner of the Funds and the Reserve Account.

35. ViSalus has an absolute, immediate, and unconditional right of possession in and to the Funds and the Reserve Account.

36. Harris, Cynergy, and the Moneris Entities are in possession of the Funds and the Reserve Account and wrongfully, and without authorization, have asserted control, dominion or ownership over the Funds and the Reserve Account.

37.     ViSalus has demanded that Harris, Cynergy, and the Moneris Entities deliver to ViSalus possession of the Funds and the Reserve Account.

38.     Harris, Cynergy, and the Moneris Entities have refused ViSalus's demand to deliver the Funds and the Reserve Account to ViSalus.

39.     Harris, Cynergy, and/or the Moneris Entities have converted the Funds and Reserve Account to which ViSalus has a superior right of possession.

40.     As a direct and proximate result of the conversion, ViSalus has suffered damages and is entitled to judgment in its favor for actual damages in an amount to be determined at trial, but not less than $10,030,935.74.

41.     Upon information and belief, Harris, Cynergy, and the Moneris Entities acted willfully, voluntarily, maliciously and with conscious disregard of ViSalus' rights. Accordingly, ViSalus is entitled to punitive damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION – REPLEVIN

42.     ViSalus incorporates by reference the allegations contained in Paragraphs 1 through 41 of its Complaint as fully as if said allegations were set forth herein verbatim.

43.     ViSalus is the owner of the Funds and the Reserve Account.

44.     ViSalus has an immediate and lawful right of possession in and to the Funds and the Reserve Account.

45.     Harris, Cynergy, and the Moneris Entities are in possession of the Funds and the Reserve Account and detaining them wrongfully and without authorization.

46.     The Funds and the Reserve Account have not been taken for any tax, assessment, or fine levied against ViSalus or the property of ViSalus, nor seized under

any lawful process against the goods and chattels of ViSalus, nor held by virtue of any order for replevin against ViSalus.

47.     ViSalus has demanded that Harris, Cynergy, and the Moneris Entities deliver to ViSalus possession of the Funds and the Reserve Account.

48.     Harris, Cynergy, and the Moneris Entities have refused ViSalus's demand to deliver the Funds and the Reserve Account to ViSalus.

### THIRD CAUSE OF ACTION – DECLARATORY JUDGMENT

49.     ViSalus incorporates by reference the allegations contained in Paragraphs 1 through 48 of its Complaint as fully as if said allegations were set forth herein verbatim.

50.     ViSalus has a legal, tangible interest in the Funds and the Reserve Account, and Harris, Cynergy, and the Moneris Entities assert an opposing interest.

51.     There is an actual and justiciable controversy between ViSalus, on one hand, and Harris, Cynergy, and the Moneris Entities, on the other, concerning whether Harris, Cynergy, and the Moneris Entities are legally entitled to withhold the Funds and Reserve Account to the detriment of ViSalus and/or release the Funds and the Reserve Account to Pivotal.

52.     All conditions precedent to the relief sought by ViSalus in this Court by way of its Complaint have occurred, have been satisfied, or have been waived.

53.     By virtue of the foregoing, ViSalus is entitled to a declaration from this Court that (a) ViSalus is owner of the Funds and the Reserve Account, (b) ViSalus is entitled to possession of the Funds and the Reserve Account, (c) the Funds and Reserve Account must be released and paid to ViSalus, and (d) the Funds and Reserve Account may not be released to Pivotal or any other person or entity.

7

### FOURTH CAUSE OF ACTION – ACCOUNTING

54.     ViSalus incorporates by reference the allegations contained in Paragraphs 1 through 53 of its Complaint as fully as if said allegations were set forth herein verbatim.

55.     The relationship between ViSalus, on one hand, and Harris, Cynergy, and the Moneris Entities, on the other, was and is one of a fiduciary nature.

56.     The Funds and Reserve Account were properly entrusted to Harris, Cynergy, and the Moneris Entities, imposing on Harris, Cynergy, and the Moneris Entities the burden of accounting.

57.     Harris, Cynergy, and the Moneris Entities have wrongfully withheld the Funds and Reserve Account from ViSalus, in breach of the fiduciary relationship, and there is no adequate remedy at law.

58.     Harris, Cynergy and the Moneris Entities have engaged in fraudulent behavior or there are mutual accounts of a complex nature.

59.     ViSalus has demanded an accounting in connection with the Funds and the Reserve Account, but Harris, Cynergy, and the Moneris Entities have refused.

60.     ViSalus has a need to discover the facts pertaining to the Funds and the Reserve Account.

61.     ViSalus is entitled to a full and complete accounting of the Funds and the Reserve Account.

## FIFTH CAUSE OF ACTION – INJUNCTIVE RELIEF

62.    ViSalus incorporates by reference the allegations contained in Paragraphs 1 through 61 of its Complaint as fully as if said allegations were set forth herein verbatim.

63.    ViSalus has an absolute, immediate, and unconditional right of possession in and to the Funds and the Reserve Account.

64.    ViSalus is entitled to the Funds and the Reserve Account, and it would be irreparably harmed if an injunction were not entered directing Harris, Cynergy, and the Moneris Entities to deliver the Funds and the Reserve Account to ViSalus and/or enjoining the distribution of the Funds and Reserve Account to Pivotal.

65.    ViSalus has no adequate remedy at law.

**WHEREFORE,** ViSalus demands that judgment be entered against Harris, Cynergy, and the Moneris Entities as follows:

(i)    on the First Cause of Action, actual and punitive damages in an amount to be determined at trial, but not less than $10,030,935.74;

(ii)    on the Second Cause of Action, a judgment in replevin directing delivery of the Funds to ViSalus;

(iii)    on the Third Cause of Action, a declaratory judgment declaring that (a) ViSalus is owner of the Funds and the Reserve Account, (b) ViSalus is entitled to possession of the Funds and the Reserve Account, (c) the Funds and Reserve Account must be released and paid to ViSalus, and (d) the Funds and Reserve Account may not be released to Pivotal or any other person or entity.

(iv)   on the Fourth Cause of Action, a full and proper accounting with respect to the Funds and the Reserve Account;

(v)   on the Fifth Cause of Action, an injunction directing the Funds and Reserve Account to be surrendered and delivered to ViSalus and/or enjoining the distribution of the funds to Pivotal;

(vi)   ViSalus's reasonable attorneys' fees and costs expended in this action; and

(vii)   such other and further relief as this Court deems just and proper.


Dated: New York, New York
       June 7, 2012

                                    Respectfully submitted,

                                    ALSTON & BIRD LLP

                          By:       _____ (JD 3275)
                                    John P. Doherty
                                    Michael P. De Simone
                                    90 Park Avenue
                                    New York, New York 10016
                                    (212) 210-9400

                                    *Attorneys for FVA Ventures, Inc.*
                                    *d/b/a ViSalus Sciences*

10